JOSEPH TURTUR and GASPAR TURTUR, co-partners, &c., complainants,

*v.*

ALEXANDER ISSERMAN, defendant.

[Decided November 21st, 1924.]

Joint Adventure—Partial Contribution to Joint Capital—Refusal of Some of Associates to Complete Payments to Joint Capital—Other Associates Supply Necessary Capital Which Results in a Profit—Rights and Duties of the Several Associates Considered but Not Decided.

On final hearing.

*Mr. Louis J. Feit,* for the complainants.

*Mr. Simon Englander* and *Mr. Morris Isserman,* for the defendant.

BUCHANAN, V. C.

Defendant, Isserman, contracted to purchase a tract of land, and immediately thereafter an agreement was made by complainants and defendant and two other persons (Streyragen and Cella) that the latter and complainants would join with defendant in the purchase of the tract and its development and resale. The agreement provided that it should be done through the medium of a corporation to be formed, in which each of the four parties (complainant partners jointly constituting . one party) should have an equal share, each contributing $5,000 to the capital. (A Mrs. Dvorkin was given the option of coming into the project and corporation, but elected not to do so, and hence need not be further considered.)

Of the total capital $600 was to be contributed immediately, and was so contributed in fact—that is to say, each of the other three parties paid $600 to defendant. This was to take care of the two-thousand-dollar-down payment which defendant had made on his contract of purchase, plus expenses to be incurred in the examination of title and in-corporation of the company.

Steps were taken to incorporate the company, but were not completed. Complainants shortly thereafter refused to proceed with the project. Streyragen and Cella apparently did likewise. Complainants, finally, on May 3d, 1922 (about two months after the agreement), caused their attorney to notify Isserman that they did not intend to "become members of your proposed Amper House Corporation," and desired their $600 to be returned to them.

Isserman did not return their money. He proceeded thereafter to complete the purchase, and made a resale of the entire property at a price of $8,000 in excess of the purchase price. In order to do this he was compelled (in de-

fault of the balance of the capital which complainants and the other two parties had agreed to furnish) to procure additional capital from other parties. This he accomplished under an agreement to give these other parties three-quarters of the profit, an agreement which he carried out. He did not give to complainants (nor apparently to Streyragen or Cella) any of the profit, nor even the return of their $600, or any part of it.

Complainants' bill seeks a decree for an accounting and a share of the profits

It seems clear, upon the facts as stated, that this was a joint venture. The corporation was merely the medium for carrying it through. The project was the purchase, development and resale of the tract. It was partly carried out by all parties. When complainants and the others paid over their six-hundred-dollar payments they became joint equitable owners with defendant of the tract in question, subject, of course, to the payment of the balance of their agreed contributions to the total capital, or, at least, to so much thereof as should be required, *pro rata*, to accomplish the consummation of the purchase.

Complainants thereafter refused to perform further. They attempt to justify this refusal on the ground that defendant was in default, that he did not have the corporation formed, and did not have the contract assigned either to the name of the corporation or to the names of all four parties. On this point I am compelled to find against them on the weight of the evidence, which indicates that their default was for another reason, which gave them no right to rescind. (I do not mean to be understood as being of opinion that complainants would have had the right to rescind even if their charges had been true in fact. See *Proctor & Gamble Co. v. Powelson, 288 Fed. Rep. 299.*)

Complainants had bound themselves to complete the purchase of the tract with defendant. They decided not to do so, and demanded the return of the moneys paid. Defendant might have agreed to do so, but he was not obliged to, and he did not.

On the other hand, defendant was not entitled, by reason of complainants' default and refusal of further performance, to treat complainants' payment of $600 and his interest in the project as forfeited (*33 C. J. 854,* and cases cited), although, since complainants' interest was subject to their liability for the further payment. it would probably be subject to sale on proceedings to foreclose.

Where a joint adventurer refused to complete his agreed contributions, I am not certain but that the remaining adventurers might be entitled to an election, either to proceed, limiting the defaulting member's share in the enterprise to a share proportionate to his contributions actually paid, or to proceed on the original share plan, charging the defaulting member's share with the additional expense and damage caused by his default. Certainly, I think, there can be no doubt as to their right to adopt the latter course.

Possibly, where such default is made in the form of an actual abandonment of the enterprise by the defaulting member and a notification that he will have nothing further to do with it, the remaining members might be entitled in equity, where they take over the burden of supplying the deficit of the default, to exclude the defaulting member from participation in profits or losses beyond his capital actually paid in, so that where the venture proved profitable their obligation to the defaulting member would be only to return his paid-in capital, with or without interest. Certainly, I think, that the defaulting member would, at least be entitled to that in the absence of any forfeiture provision in the agreement, and in the absence of foreclosure of his right by legal proceedings.

The evidence as to just what occurred amongst the parties at the time of the default. or the several defaults, is so scanty as to increase the difficulty of a determination of these questions. However, they need not. and, indeed, cannot, be decided at this time. Streyragen and Cella, the other two joint adventurers, have not been made parties to this suit. It seems clear that they are necessary parties, and

complainants may have leave to amend and bring them in and bring the cause to hearing again.

I think defendant is entitled to costs on the hearing, although no objection was raised by him as to the want of parties.