FRANK D. WAYNE ASSOCIATES, INC. *vs*. PAUL A. LUSSIER.

Hampshire.  February 7, 1985. — April 18, 1985.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Interest. Judgment*, Correction of judgment.

A trial court was without authority under Mass. R. Civ. P. 60 (a), 365
   Mass. 828 (1974), to modify a monetary judgment by recalculating
   interest once judgment had been entered after a rescript of the Appeals
   Court, where the asserted errors in the computation of interest were
   errors that could have been corrected on the initial appeal. [621-623]

CIVIL ACTION commenced in the Superior Court on October
10, 1974.

A motion for correction of judgment was heard by *John F.
Moriarty*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Judith Kundl* for the plaintiff.

*James Coyne King (James S. O'Shaughnessy* with him) for
the defendant.

NOLAN, J. This appeal arises out of a complaint filed on
October 10, 1974, alleging a breach of a covenant not to
compete by the defendant, a real estate salesman and a former
employee of the plaintiff. The complaint also sought injunctive
relief. It alleged that the plaintiff and the defendant had entered
into an employment agreement dated August 25, 1973, that
the agreement included a clause prohibiting the defendant after
termination from using any information gained from the plain-
tiff's files and from conducting a competing business for a
period of two years in certain communities in western Mas-
sachusetts, and that the defendant had terminated the agreement
and directly competed with the plaintiff within the proscribed
area.

The case was referred to a master on June 10, 1977. The master found that the defendant had terminated the agreement on June 5, 1974, and had violated the covenant not to compete as of July 7, 1974. The master further found that the plaintiff had sustained monetary damages. The master filed his report on June 27, 1978, and it was confirmed on December 1, 1981. Judgment was entered on December 17, 1981. The clerk computed interest at $26,087.18. The record is silent as to the rate of interest, the statutory authority, and the starting date used to compute the interest. In reconstructing the computation, however, it is clear that the clerk used an 8% interest rate from October 10, 1974 (the date of entry of the case), through September 16, 1980, and a 10% interest rate from September 17, 1980, through December 17, 1981.[1]

The defendant appealed, and the Appeals Court affirmed the judgment on September 16, 1983. *Frank D. Wayne Assocs.* v. *Lussier*, 16 Mass App. Ct. 986 (1983). The defendant on October 19, 1983, filed a motion to correct the computation of interest in the judgment which was entered on December 17, 1981. The judge correctly ruled "that the error, if there was one, was not merely a clerical error which could be corrected under Mass. R. Civ. P. 60 (a), but rather a substantive matter which should have been raised within a reasonable

---

[1] This is the same method the clerk used to calculate the interest on the judgment entered after rescript. The interest on the December 17, 1981, judgment for the 2,169 days between October 10, 1974, and September 16, 1980, calculated at 8% per annum equals $20,648.88. Assessing a 10% per annum rate of interest on the 456 days between September 17, 1980, and December 17, 1981, results in $5,426.40 interest. This computation results in $26,075.28 of interest on the judgment, $11.90 short of the interest the clerk assessed on the original judgment. The difference is the amount of interest for one day at the 10% rate of interest. This minor deviation does not persuade us that our reconstruction of the computation is wrong. We are satisfied that the clerk used the same method to compute the interest on the initial judgment and the judgment entered after the rescript. The clerk apparently concluded that G. L. c. 231, § 6C, as amended by St. 1974, c. 224, § 2, authorized that portion of the computation based on the 8% rate of interest and G. L. c. 231, § 6C, as appearing in St. 1980, c. 322, § 2, authorized that portion of the computation based on the 10% rate of interest. See note 3, *infra*.

time." Judgment after rescript was entered on December 13, 1983. The clerk computed interest on this judgment as follows:

(a) October 10, 1974 — September 16,
    1980     2,169 days at 8% per annum
    or $9.52 a day                                    $20,648.88
(b) September 17, 1980 — December 13,
    1983     1,183 days at 10% per annum
    or $11.90 a day                                    14,077.70
                                                      $34,726.58

Both parties then filed in the Superior Court motions for correction of clerical error in the computation of interest. The judge allowed the defendant's motion to the extent that he ruled that the interest should be reduced from $34,726.58 to $26,170.48. The judge further ruled that G. L. c. 231, § 6C, governed the computation of interest and that interest on the entire damage award should be at 8% from June 6, 1976, the day following the lapse of the two-year period during which the defendant had agreed not to compete and by which date all damages had been sustained. An amended judgment after rescript was entered, and both parties appealed. We transferred the case to this court on our own motion.

We need consider on this appeal only whether a trial court has authority to correct the interest computation following the entry of judgment after rescript.

This issue requires us to determine whether Mass. R. Civ. P. 60 (a), 365 Mass. 828 (1974), which permits the trial court to make corrections of "[c]lerical mistakes in judgments . . . at any time," applies to a trial judge's action in correcting the rate used in the computation of interest after an appeal. The plaintiff has called our attention to the case of *Elias* v. *Ford Motor Co.*, 734 F.2d 463 (1st Cir. 1984), in which the United States Court of Appeals for the First Circuit held that Fed. R. Civ. P. 60 (a), among other rules cited by that plaintiff, did not empower the Federal trial court, the District Court, to modify a judgment by recalculating interest after the United States Court of Appeals had affirmed the judgment. We have

said that we would construe the Massachusetts Rules of Civil Procedure so as to make the construction conform to that which is given to the Federal Rules of Civil Procedure, "absent compelling reasons to the contrary or significant differences in content." *Rollins Envtl. Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975). We are persuaded that there are no compelling reasons for not following the construction of rule 60 (a) which has been given to the corresponding Federal rule. The wording of rule 60 (a) is identical in both the Federal and Massachusetts Rules of Civil Procedure.

Uniformity in interpretation of rules is a desirable goal. The result reached in *Elias* v. *Ford Motor Co., supra,* comports with our jurisprudence on the finality of judgments. The parties could have contested on appeal the computation of interest by the clerk after the master's report was confirmed. They chose not to address the issue. As noted earlier, the judge denied the defendant's motion to correct the interest computation, which was brought almost two years after the original judgment was entered, but before the judgment after rescript was entered. He correctly denied the motion because it was filed unseasonably late. The court said in *Elias,* "Since our affirmance encompassed the entire judgment, including the award of prejudgment interest , the [lower] court lacked power to modify the judgment to increase the rate of prejudgment interest." *Id.* at 465. The parties could have addressed the Appeals Court in requesting amendment or correction of the interest computation. To this extent, we are disposed to follow the reasoning and result of *Elias.* Cf. *Quirk* v. *Data Terminal Syss., ante* 334, 339-340 (1985).

Any errors that the clerk made in computing the interest on the judgment entered after rescript are not in any way distinct from any errors that the parties could have raised in the initial appeal.[2] Where the asserted errors in the computation

---

[2] As an additional error, the plaintiff contends that interest should be computed at the rate of 12%, consistent with St. 1982, c. 183, §§ 3 and 4, the most recent amendment to G. L. c. 231, § 6C. The plaintiff relies on § 4: "Sections two and three shall apply to all actions in which damages are assessed on or after the effective date of this act." The effective date

of interest are errors that could have been corrected on appeal, we are bound by the rule of *Elias* to conclude that the computation of interest could not be corrected after entry of the judgment after rescript. The judge erred in ruling that the error in the computation of the interest was open to correction after the judgment of December 13, 1983, though he was correct in noting the error in the use of 10%.[3]

We vacate the amended judgment of February 13, 1984, and reinstate the judgment of December 13, 1983.

*So ordered.*

---

was July 1, 1982. The plaintiff argues that damages are "assessed" for purposes of this amendment when judgment after rescript is entered. This would present a distinct error because St. 1982, c. 183, §§ 3 and 4, did not exist when the clerk initially computed the interest. The motion judge correctly disagreed with the plaintiff's definition of "assessed." See *Patry* v. *Liberty Mobilehome Sales, Inc., ante* 270, 273 (1985). As such the plaintiff has failed to assert any distinct error.

[3] The 1980 amendment to G. L. c. 231, § 6C, applies to all actions commenced on and after its effective date. St. 1980, c. 322, §§ 2 and 3. This action was commenced on October 10, 1974, well before the effective date.