EDWARD W. PEAK & another[1] *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.    May 13, 1985. — September 10, 1985.

Present: DREBEN, KAPLAN, & SMITH, JJ.

*Interest.  Practice, Civil,* Interest, Judgment.

General Laws c. 107, § 3, providing for interest at the rate of six percent
    "[i]f there is no agreement or provision of law for a different rate,"
    rather than G. L. c. 231, § 6B, providing for prejudgment interest of
    twelve percent, applied to a computation of postjudgment interest prior
    to the 1983 amendment of G. L. c. 235, § 8. [728-729]
In a civil action in which an award of damages was made to the plaintiff
    in the trial court and affirmed on appeal, the plaintiff was entitled to
    the computation of postjudgment interest from the date of entry of judg-
    ment in the trial court rather than from the date of judgment after rescript.
    [729-730]

CIVIL ACTION commenced in the Superior Court on August
4, 1977.

Following review by this court, 17 Mass. App. Ct. 1105
(1983), a motion to correct the certificate of judgment was
heard by *John T. Ronan,* J.

*Karen M. Thursby* for the plaintiffs.
*Paul J. Dolan* for the defendant.

DREBEN, J.    The questions before us are: (1) When does
postjudgment interest begin to run when a judgment is affirmed
on appeal? (2) What is the proper rate of such interest prior
to the 1983 amendment of G. L. c. 235, § 8?[2] A judge of the

---

[1] William Peak, a minor. The action was brought on his behalf by his
father, Edward W. Peak.

[2] Prior to its 1983 amendment, G. L. c. 235, § 8 (as appearing in St.
1973, c. 1114, § 219), as here relevant read: "When judgment is rendered
upon an award of county commissioners, a committee or referees, or upon

Superior Court, by allowing the defendant's motion to correct the certificate of judgment, ruled that the rate of six percent applied from the original date of entry of judgment in the trial court. We affirm.

After the jury returned verdicts for the plaintiffs on November 4, 1982, in an action for personal injury and consequential damages, judgments were entered on November 5, 1982, "with interest thereon" from the date of the commencement of the action, that is, August 4, 1977. The defendant appealed, and interest was not computed until the termination of its unsuccessful appeal. On January 3, 1984, "judgment[s] for plaintiffs after rescript" were entered. In computing interest, the clerk of court used the rate of twelve percent for the period from the commencement of the action to January 3, 1984.

While the defendant agreed that twelve percent was the proper rate prior to the verdicts, see G. L. c. 231, § 6B, note 5, *infra*, it claimed that G. L. c. 235, § 8 (and an interest rate of six percent), rather than the twelve percent rate of c. 231, § 6B, applied thereafter.[3] The defendant filed a motion to correct the certificate of judgment to conform with its contention.[4] The motion was allowed, and this appeal by the plaintiffs ensued.

the report of an auditor or master, or upon the verdict of a jury or the finding of a justice, interest shall be computed upon the amount of the award, report, verdict or finding, from the time when made to the time the judgment is entered. Every judgment for the payment of money shall bear interest from the day of its entry."

As amended by St. 1983, c. 652, § 2, the second sentence of G. L. c. 235, § 8, now reads: "Every judgment for the payment of money shall bear interest from the day of its entry at the same rate per annum as provided for prejudgment interest in such award, report, verdict or finding." This amendment did not become effective until after the entry of the judgment after rescript in this case.

[3] The original judgments were entered in the trial court one day after the jury verdicts were returned. No question has been raised as to: (1) the rate of interest applicable for that day, see first sentence of G. L. c. 235, § 8, note 2, *supra*; or (2) when interest begins to run on the sum of the verdict plus interest thereon. See *R. H. White Realty Co.* v. *Boston Redevelopment Authy.*, 371 Mass. 452, 455-456 (1976).

[4] On January 6, 1984, five days prior to the filing of the defendant's motion, the parties stipulated that payments would be made in the amounts

1. *Rate of interest.* Prior to 1974, neither G. L. c. 231, § 6B, the statute providing for prejudgment interest, see note 5, *infra,* nor G. L. c. 235, § 8, providing for postjudgment interest, see note 2, *supra,* specified the governing rate of interest. As a result, the interest in each statute was determined by G. L. c. 107, § 3, which established a rate of six percent "[i]f there is no agreement or provision of law for a different rate." Although G. L. c. 231, § 6B, was amended in 1974 to provide a higher rate of interest,[5] G. L. c. 235, § 8, was left unchanged, and, hence, the rate of interest remained at six percent until the 1983 amendment (see note 2, *supra*).

The plaintiffs claim that *Perkins School for the Blind* v. *Rate Setting Commn.,* 383 Mass. 825, 835-836 (1981), supports the use of a twelve percent rate for postjudgment interest. That case is, however, inapposite, as it concerned only prejudgment interest. The court here held that, since G. L. c. 231, § 6C, specified a rate of interest, G. L. c. 107, § 3, was inapplicable.

Our conclusion that a six percent rate is applicable is in accord with the interpretation given G. L. c. 231, § 6B, and c. 235, § 8, by the First Circuit. In *Elias* v. *Ford Motor Co.,*

---

which were undisputed and that the parties would submit to the court the question whether any additional sums were due. The calculations are not explained, but the figures suggest that the undisputed sums represent in each case:

(a) the amount awarded by the jury;

(b) interest on that amount from August 4, 1977, to November 5, 1982, at the rate of twelve percent; and

(c) interest at six percent on the sum of (a) plus (b) from November 5, 1982, to the date of payment in January, 1984. See *Boston Edison Co.* v. *Tritsch,* 370 Mass. 260, 263 (1976).

[5] General Laws c. 231, § 6B, was amended in 1974 to provide for an eight percent rate and, thereafter, was amended to provide other increases in the rate. As amended by St. 1982, c. 183, § 2, G. L. c. 231, § 6B, provides in relevant part: "In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages . . . there shall be added by the clerk of the court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action . . . ."

734 F.2d. 463, 467 (1st Cir. 1984), the court held that G. L. c. 231, § 6B, applies only to prejudgment interest and that G. L. 235, § 8, governs postjudgment interest. We hold, as did that court at 468, that "[a]bsent any explicit statutory provision setting the rate of interest for the post-judgment period, the [Superior Court judge] properly applied the legal rate of interest . . . fixed at 6% by [G. L. c.] 107, § 3."

2. *Commencement of postjudgment interest.* Under the Massachusetts Rules of Civil Procedure, see Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974), the term "postjudgment" means after the entry of judgment in the trial court and not, as urged by the plaintiffs, the judgment after rescript. Unlike the practice under prior law, judgment is the "final adjudicating act of the *trial court*" (emphasis supplied). *Stokosa* v. *Waltuch*, 378 Mass. 617, 619-620 (1979). See, as to practice under prior law, *R.H. White Realty Co.* v. *Boston Redevelopment Authy.*, 371 Mass. 452, 455 (1976). Thus, where a judgment is affirmed on appeal, the date of judgment is the date judgment originally entered in the trial court. See *Stokosa, supra* at 619-620. See also *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 273 (1985) (where a judgment was affirmed, "[t]he appellate process did not alter the judgment . . ."). The rescript of this court upholding the judgment of the Superior Court carried with it an allowance of postjudgment interest under G. L. c. 235, § 8, from the date of entry of judgment in the Superior Court. See *J.J. Struzziery Co.* v. *A. V. Taurasi Co.*, 342 Mass. 113, 114-115 (1961).

We recognize that in *Frank D. Wayne Assocs.* v. *Lussier*, 394 Mass. 619, 620-623 (1985), a computation of interest was made at the rate provided by G. L. c. 231, § 6C, rather than the postjudgment rate provided by c. 235, § 8, for the period between the date judgment originally entered in the trial court and the date judgment entered after affirmance and rescript. In that case, however, it does not appear that any claim was made that postjudgment interest should be computed from the

date of entry of judgment in the trial court rather than from the date of judgment after rescript.[6]

*Judgments affirmed.*

---

[6] *Lussier, supra* at 622, held that any error as to interest which could have been but was not raised on appeal may not be corrected by the trial court after the affirmance of the judgment by an appellate court. This is so because the affirmance encompassed any award of prejudgment interest. A claim as to the rate of interest for a period after the original judgment (postjudgment interest), however, arises after the appellate process is completed, and, hence, would not be barred under the *Lussier* holding. Since the court in *Lussier*, at 622, pointed out that the errors claimed on appeal "are not in any way distinct from any errors that the parties could have raised in the initial appeal," we can infer that no claim as to postjudgment interest was made. An examination of the record on appeal and the briefs confirms this conclusion.