Forte, J.
This action for a wife's loss of consortium resulting from an injury to' her husband was entered in the Superior Court Department and, pursuant to G.L. c. 231, §102C, was tried in the Malden District Court Division. At the close of the evidence, trial counsel for the defendant filed “Requests for Rulings and Findings” *226 and, after a finding in favor of the plaintiff, claimed to be aggrieved by the denial of his requests numbered 14,15,18, and 19, by the trial court's finding and rulings numbered 27,28, and 29, and by the trial court's subsidiary findings numbered 1 through 5.
At the hearingbefore the Appellate Division, appellate counsel waived all matters by which trial counsel claimed to be aggrieved (each was a request for a finding of fact) except subsidiary finding number 5.
The remaining issue, subsidiary finding of fact number 5 reads: “The plaintiff, as a result of the accident, suffered the loss of her husband's support, love, affection, companionship, services and affection.”
There is no appeal from a finding of fact. G.L. c. 231, §108; Stella v. Curtis, 348 Mass. 458 (1965); Huikari v. Eastman, 362 Mass. 853 (1972) [1].
Report dismissed.

 The appellant incorrectly argued that the term loss of “support” in subsidiary finding of fact number 5 suggested that the trial court's award of damages to the plaintiff improperly included compensation for loss of financial support We disagree, and construe the word “support” as synonymous with all other terms in finding number five which connote emotional support. See Diaz v. Eli Lilly & Co., 364 Mass. 153 (1973).