Dolan, PJ.
The plaintiff and the defendant entered into an oral agreement to build and sell seven houses, and share the profits from the sales. The parties acquired land and the seven houses were built and sold. There was no dispute with respect to a division of profits on the first four houses sold; this case involves a dispute with respect to computing profits on the last three houses sold. The court made written findings of fact and entered judgment for plaintiff in the amount of $39,367.25 representing its share of the profits on the sale of the three houses. Defendant alleges that the judgment should be lower for the reason that the court did not allow it to include its overhead as an expense before computing the profits to be divided. There is no error.
*118 Essentially the arrangement was that one of the parties would advance the money and do the legal and other office work, and the other party would build the houses. They would split the profits. The court could have found that this arrangement constituted a joint venture. Shain Investment Co., Inc. v. Cohen, 15 Mass. App. Ct. 4, 7-8 (1982). Such an action may be brought in the District Court. Philip Whitehead Co., Inc. v. Edward Krock Industries, Inc., 346 Mass. 767 (1963); Watts v. Trojano, 1989 Mass. App. Div. 17, 18.
The court made no finding as to how profits were calculated, without dispute, on the four houses sold. In calculating profits on the three houses in question, the court deducted labor, materials and subcontracted expenses from the sale proceeds, but did not deduct either party’s overhead expenses. The court specifically found the defendant’s overhead costs were not deductible for the purpose of computing profits on these three houses. Correspondingly, the court allowed no deduction for plaintiff’s overhead.
When a contract is oral, its terms are a question of fact. Rizzo v. Cunningham, 303 Mass. 16, 20 (1939). These terms include the consideration to be received by the parties, in this case, a share of the profits. When the court specifically found that the defendant’s overhead costs were not deductible for the purpose of computing profits, the court was making a finding of fact with respect to the terms of the contract. This division does not review findings of fact. Scanzillo v. North American Phillips Lighting Corporation, 1989 Mass. App. Div. 225, 226.
Defendant alleges that it was error for the court to deny its request for a ruling of law that “As a matter of law the allocation of Summer’s overhead to each of the properties at 66, 70 and 71 New Haven Street is correct and in accordance with generally accepted accounting principles.” This request for a ruling of law implies a fact that is not necessarily to be inferred from the evidence. Namely, that the oral contract includes a provision that allocates overhead in accordance with defendant’s allocation. This is contrary to the court’s finding of fact. There is no error in the court’s denial of this request.
Defendant also alleges that it was error for the court to deny its Dist./Mun. Cts. R. Civ. R, Rule 59 motions to amend the judgment and for a new trial. Defendant has offered no reason why the motions should have been allowed other than its general argument regarding the allocation of overhead. There is no error.
Report dismissed.