JOHN STOKOSA *vs.* EILEEN WALTUCH & another.[1]

Hampden.    May 10, 1979. — August 2, 1979.

PRESENT: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS,
& ABRAMS, JJ.

*Interest. Practice, Civil,* Interest, Execution.

Under present rules and statutes, the clerk's office, when issuing an execution on a judgment, is not required to compute interest owed to the plaintiff up to the date of the execution. [618-621]

There was no error in the denial of a plaintiff's motion for an order of payment under Rule 69 of the Massachusetts Rules of Civil Procedure where there was no showing that the defendant had been requested to pay the judgment recovered by the plaintiff or that the defendant had done anything indicating that it would not pay the amount of the judgment plus interest thereon when requested. [621-622]

CIVIL ACTION commenced in the Superior Court on December 10, 1974.

---

[1] Robert Waltuch.

Following trial certain motions were heard by *Hayer*, J., and *Cross*, J.

After review by the Appeals Court the Supreme Judicial Court granted leave to obtain further appellate review.

*Herbert Murphy* for the plaintiff.

QUIRICO, J. The only question raised on this appeal is whether the clerk's office, when issuing an execution on a judgment, must compute the amount of interest owed to the plaintiff up to the date of the execution. We hold that under the present rules and statutes, the clerk's office is not required to do so, and we thus uphold the judge's denial of the plaintiff's motion for such an accounting. We do recognize, however, that in certain circumstances a change in the present practice might facilitate the plaintiff's recovery of the interest on his judgment to which he is lawfully entitled.

In the case now before us, the plaintiff obtained a jury verdict in his favor following the trial of his motor vehicle negligence action. On October 7, 1976, judgment was entered on the verdict. The following day, the plaintiff filed an affidavit setting forth his costs. Those costs were allowed on January 6, 1977.

1. On January 13, 1977, the plaintiff filed a "motion for interest to date of execution," which stated "The Clerk's Office of the Hampden County Superior Court has informed Plaintiff's counsel that the execution which it will issue on this case will contain interest computed only to the actual date of the judgment which was October 14, 1975 (*sic*).[2]

"The plaintiff moves that the court order the Clerk's office to include in the execution interest to the date that the execution is issued."

After a hearing, a judge of the Superior Court denied this motion, ruling "that the clerk is not required to compute interest beyond the date of judgment in this case."

---

[2] The date given in the motion was incorrect.

This is one of the rulings which the plaintiff challenges on appeal.

The judge's order on the plaintiff's motion stated that the clerk intended to compute interest at the statutory rate of eight per cent (G. L. c. 231, § 6B) from the date of the commencement of the action to November 9, 1976, the date on which the appeal period on the judgment had run. This is in accord with the command of § 6B that "there shall be added by the clerk of the court to the amount of damages interest thereon at the rate of eight per cent per annum from the date of the commencement of the action . . . ." G. L. c. 231, § 6B, as amended by St. 1974, c. 224, § 1. The judge further pointed out that the plaintiff was clearly entitled to interest from the date of the judgment to the date of payment by the defendants, since "[e]very judgment for the payment of money shall bear interest from the day of its entry." G. L. c. 235, § 8, as amended by St. 1973, c. 1114, § 219. The question is whether the clerk must *compute* the amount of interest on the judgment from the date of its entry to the date of the issuance of an execution thereon. General Laws c. 235, § 8, requires the amount of interest to be computed "to the time the judgment is entered." This has been the long practice of the clerks' offices, approved by this court on several occasions. *Porter* v. *Clerk of the Superior Court*, 368 Mass. 116, 117 (1975). *Boyer* v. *Bowles*, 316 Mass. 90, 95 (1944). *Nugent* v. *Boston Consol. Gas*, 238 Mass. 221, 238 (1921). The judge who denied the motion accurately stated in his decision, "I do not find any cases, rules or any law . . . requiring the clerk to figure interest beyond the date of judgment."

However, as the judge also pointed out in his thorough and well-reasoned decision, the traditional definition of "judgment" has been altered by the new rules of civil procedure. See Mass. R. Civ. P. 54, 58, 365 Mass. 820, 826 (1974). "Heretofore, 'judgment' has meant the last step in the case, which cuts off all appellate review . . . . Under the new Rules, 'judgment' is merely the final adjudicat-

ing act of the trial court, and starts the timetable for
appellate review." Because of this shift, the time between
final judgment and the issuance of the execution may
now be substantial; for example, where costs are contest-
ed or where an appeal is claimed, whether later with-
drawn or prosecuted to completion. The plaintiff claims
that defendants, especially insurance companies, will pay
only the interest computed and stated in the execution,
despite any additional amount legally owing to the plain-
tiff due to the passage of time since the final judgment.
Whether or not this allegation is generally true, where
the period of time between the judgment and the execu-
tion is prolonged, a plaintiff might be assisted in his ef-
forts to collect all that is legally owed to him if the execu-
tion were to spell out the interest that is due to the date
it is issued.

None of the rules or statutes presently governing civil
practice requires a clerk to compute interest to the date
of execution, or requires a judge, on the motion of a party,
to order such a computation to be performed and the
result reflected on the execution. Whether such a prac-
tice would better serve the interests of justice than does
the present practice is an appropriate subject for consid-
eration by lawyers and Justices responsible for the con-
tinuing study and development of rules governing civil
procedures. This court has recognized in the past that the
rights of judgment creditors can be impaired, and delay-
ing tactics on the part of defendants can be unfairly re-
warded, if the clerks and the trial judges do not assist in
enforcing the full collection of interest due. *R. H. White
Realty Co.* v. *Boston Redevelopment Auth.*, 371 Mass. 452,
455 (1976). *Johnson* v. *Boudry*, 116 Mass. 196, 197 (1874).
*Bucknam* v. *Lothrop*, 9 Allen 147, 148 (1864). *Parker* v.
*Osgood*, 3 Allen 487, 489 (1862). *Taylor* v. *Robinson*, 2
Allen 562, 565 (1861).

In this case, however, the judge decided that there was
no need to grant the plaintiff's motion since "[t]here was
no appeal, and any delay in the issuance of the execution

was not caused by the clerk's office." The delay was, in fact, caused by the plaintiff's motion filed on December 10, 1976, more than two months after the date of judgment, for costs in the sum of $176. That motion was allowed on January 6, 1977, by another judge for the amount of $150.

There was no error in the action of the first judge on February 14, 1977, in denying the plaintiff's motion to order the clerk of courts "to include in the execution interest to the date that the execution is issued."

2. On February 24, 1977, the plaintiff filed a motion entitled "Plaintiff's Motion for an Order for Payment under Rule 69 M.R.C.P." By this motion he sought an order requiring "the defendants' liability insurance company, Allstate Insurance Companies ... to pay the full amount of the judgment in this case plus statutory costs, cost of depositions and photographs as allowed by the court, and interest computed to the date that this order is issued by the clerk of this court." After a hearing, that motion was denied by a third judge of the trial court. Our quotation from G. L. c. 235, § 8, that "[e]very judgment for the payment of money shall bear interest from the day of its entry" clearly obligates the defendant to pay such interest to the plaintiff in addition to the amount of the judgment which includes interest to the date thereof as computed by the clerk. However, neither our statutes nor our rules require the clerk to make the additional computation requested by the plaintiff, and the denial of that particular request in the motion was not error.

The plaintiff's citation of Mass. R. Civ. P. 69, 365 Mass. 836 (1974), and of our decision in *Geehan* v. *Trawler Arlington, Inc.*, 371 Mass. 815 (1977), does not entitle the plaintiff to the relief sought by his motion. There is nothing in the record to indicate that the insurer has been requested to pay the judgment recovered by the plaintiff, nor to suggest that it has done anything indicating that it will not pay the amount thereof plus interest thereon when requested. It will be time enough to seek the exer-

cise of the court's powers under rule 69 if and when the need therefor is demonstrated. There has been no allegation and no proof in this case that the insurer will not meet its contractual and legal obligation to pay the amount of the judgment recovered against its insured, plus interest thereon as provided by G. L. c. 235, § 8.

There was no error in the action of the third judge in denying the plaintiff's motion for relief under rule 69.

This court will refer the subject of interest on judgments and of the inclusion of a computation of interest on a judgment to the date of the issuance of an execution thereon, to the Standing Advisory Committee on the Massachusetts Rules of Civil Procedure for study and report to this court.

The orders denying the plaintiff's motions for computation of interest to the date of execution and for an order for payment under Mass. R. Civ. P. 69 are affirmed.

*So ordered.*