JEAN M. BENGLIAN *vs.* JOHN E. BENGLIAN. April 9, 1980. The plaintiff, through the Department of Public Welfare (Department), brought an action of criminal contempt against the defendant based upon his refusal to pay child support as ordered by a Probate Court. The defendant alleged that the complaint failed to specify any elements of contumacy and that the evidence failed to show that he had the present ability to pay in accordance with the terms of the order. The judge found that the evidence showed beyond a reasonable doubt that the defendant was guilty and that a punishment of thirty days' incarceration should be imposed, but in view of the defendant's claims he reported the case to us pursuant to G. L. c. 215, § 13, as amended through St. 1975, c. 400, § 59.

1. The complaint is specific, and it meets the requirements set out in *Furtado* v. *Furtado*, 380 Mass. 137, 145 (1980): it "alleges the existence of an order, describes its requirements, and states its continued effect. It further alleges that the defendant has disobeyed and violated that order" and that he had an utter disregard for it while having the financial ability to comply with it.

2. The evidence shows that during the time specified in the complaint the defendant was netting $200 a week, that he contributed nothing to the support of his two children, and that he knew that he was required to pay $250 a month for their support. Further, when he was contacted several times by the Department he stated that he didn't have the money because of other expenses. At the trial on the complaint the defendant, with counsel present and having been advised of his rights, claimed that he had no money, that he had chosen to pay other outstanding debts, and that he questioned "how much I am allowed, or expected to live [on], in order to continue to prosper, and to be able to contribute to the support of my children." These statements by the defendant do not constitute a claim of mitigating circumstances. The evidence established that "in each [month] of nonpayment the defendant had net earnings [over three times] as great as his [monthly] support obligation." *Furtado*, 380 Mass. at 143-144, 150.

The complaint gave the defendant adequate notice of the criminal contempt charge, and the evidence was sufficient to find beyond a reasonable doubt that the defendant had wilfully disobeyed the court's order and that he had interfered with the judicial process in such a manner as to warrant punishment by incarceration. The matter is remanded to the Probate Court for the entry of a judgment in accordance with the findings of the judge and this opinion.

*So ordered.*

*Milton H. Raphaelson* for the defendant.
*Annette C. Benedetto*, Assistant Attorney General, for the plaintiff.