JEAN REGER ROBBINS *vs.* RYLAND EDWARD ROBBINS. August 14, 1986. *Divorce and Separation,* Attorney's fees. *Interest. Attorney at Law,* Compensation.

This is the third occasion which we have had to review the award of counsel fees to the wife in connection with divorce proceedings. See *Robbins* v. *Robbins,* 16 Mass. App. Ct. 576 (1983); *Robbins* v. *Robbins,* 19 Mass. App. Ct. 583 (1985). The determination of counsel fees has indeed "deteriorate[d] into ancillary major litigation." 19 Mass. App. Ct. at 544. Our main task on this third appeal has been to review the augmented record to determine whether the deficiencies called to attention in the second opinion have been cured. We conclude that they have been.

1. There was expert testimony (absent in prior hearings, see 19 Mass. App. Ct. at 542) which supports the judge's finding that the time spent by senior and associate counsel for the wife was reasonable in all of the circumstances and that there had not been substantial needless duplication of effort. In addition, the judge (who presided over the divorce proceedings) could, and did, take into account his observations of the parties and counsel and his assessments of the difficulty of the issues and the skill and resourcefulness of counsel for each party. The judge also properly considered the prior and current testimony of senior counsel and the wife as to the nature of the services rendered. We cannot say that the judge's finding as to the reasonableness of the time spent is clearly erroneous. See *Mulhern* v. *Roach,* 398 Mass. 18, 23 (1986).

2. In support of his determination of counsel fees, the judge also had expert testimony on "generally prevailing norms" or "market rates in the relevant community." *Robbins* v. *Robbins,* 19 Mass. App. Ct. at 542. The unchallenged testimony in this regard was that the prevailing range of hourly

charges in Hampden County was $125 to $150 an hour for senior counsel and $90 an hour for associate counsel, each with the experience and reputation of counsel involved in this case.

3. In *Robbins* v. *Robbins*, 16 Mass. App. Ct. at 581-582, we vacated an award of counsel fees to the wife in an amount of $40,000 and remanded the question of an appropriate award for further proceedings in the Probate Court. We accept the judge's explanation that he made an error of judgment in setting the original amount of the award (counsel had asked for over $100,000, the judge recalled) as he had insufficient facts fairly to evaluate what would be a fair and reasonable charge.

4. In arriving at his opinion that the fair and reasonable value of the services rendered to the wife was $125,000, the expert applied to the time spent by senior counsel the hourly rate of $125, the lowest rate of the prevailing range. Although the expert did not think the time spent was excessive, he reduced the $125,000 by ten percent to arrive at the $112,500 which he opined would be a fair and reasonable fee also. The ten percent factor was arbitrary, the expert said, and was applied in deference to this court's indication in the second opinion (19 Mass. App. Ct. at 541) that the record as it then stood raised a probability that excessive time might have been spent, a suggestion which, in the expert's opinion, had not withstood his analysis of the efforts of counsel. In arriving at his conclusion as to a reasonable fee, the judge was not, in the circumstances, bound to make any such arbitrary reduction. Moreover, the judge was free to consider the results reached and the complexity of the issues, factors for which the expert had not added any amount to the hourly rate which he applied. The judge could also bring to bear his long experience in presiding over similar cases and the fees charged and awards made in those cases. It was also proper for the judge to consider the relative financial status of the parties and the liquidity of the assets held by each. "Neither the time spent nor any other single factor is necessarily decisive of what is to be considered as a fair and reasonable charge for . . . [an attorney's] services." *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 569 (1933). *Mulhern* v. *Roach, supra* at 27. Contrast *Grendel's Den, Inc.* v. *Larkin*, 749 F.2d 945, 956-957 (1st Cir. 1984). The expert and the judge recognized that superimposed on the requirement that fees be fair and reasonable are strictly conservative principles where the fee is to be paid by one who has not contracted for the services rendered. See *Robbins* v. *Robbins*, 19 Mass. App. Ct. at 542-544, and cases cited; *Mulhern* v. *Roach, supra* at 31 n.15. On our review of the entire record, we cannot say that the judge's award of $120,000 is "clearly erroneous or inconsistent with the relevant legal standards." *Mulhern* v. *Roach, supra* at 23.

5. We have considered the other arguments made by the husband relative to the amount of the award of counsel fees and costs and find them to be without merit.

6. The judge properly concluded that interest on the award of counsel fees should accrue from August 5, 1985, the date of his finding as to the amount of the award, at the rate of six percent. See G. L. c. 235, § 8; G. L. c. 107, § 3. There is nothing in the contention of counsel for the wife that interest should be determined under the provisions of G. L. c. 231, § 6C. The tortuous argument that the husband's obligation to pay counsel fees and costs is based on a "contractual obligation" rather than, as it is, simply on an order of a Probate Court and enforceable as such, warrants no discussion.[1]

The order of August 5, 1985, requiring that the husband pay the wife's counsel a fee of $120,000 and costs of $2,723.50 is affirmed. The order of October 16, 1985, respecting the plaintiff's motion to amend judgment is affirmed. Neither party is to have costs of this appeal.

*So ordered.*

*Frederick S. Pillsbury* (*John I. Robinson* & *David J. Martel* with him) for the plaintiff.

*Edward J. Barry* for the defendant.

[1] In view of our disposition, it is unnecessary to consider the other arguments of the husband with respect to a stay pending appeal and reimbursement of partial payment after the vacation of an order awarding counsel fees.