682                                405 Mass. 682

Trinity Church in the City of Boston *v.* John Hancock Mutual Life Ins. Co.

## TRINITY CHURCH IN THE CITY OF BOSTON *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    September 13, 1989. — October 4, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Interest. Rules of Civil Procedure.*

In a civil case, the judge correctly awarded postjudgment interest at the rate of 6% pursuant to G. L. c. 107, § 3, from the day of entry of judgment to March 19, 1984, and at the rate of 12% pursuant to G. L. c. 235, § 8, as amended by St. 1983, c. 652, § 2 (effective March 19, 1984), thereafter until the judgment was satisfied in full. [683-684]

The judge in a civil action correctly awarded postjudgment interest after rescript pursuant to Mass. R. Civ. P. 54 (f) (1982). [684-685]

CIVIL ACTION commenced in the Superior Court on January 29, 1975.

Following review by this court, 399 Mass. 43 (1987), a motion for clarification of the judgment and of the judgment after rescript and a motion for costs were heard by *James J. Nixon*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Leonard F. Zandrow, Jr.* (*Robert M. Hacking & Richard L. Neumeier* with him) for the defendant.

*Anthony E. Battelle* (*James D. Smeallie & Margaret J. Palladino* with him) for the plaintiff.

NOLAN, J. This is the second occasion on which this court has addressed problems connected with property damage to the plaintiff's church caused by the construction of the John Hancock Tower Building in Copley Square. In the first round of appellate litigation,[1] the court approved the application of

---

[1] *Trinity Church in the City of Boston* v. *John Hancock Mut. Life Ins. Co.*, 399 Mass. 43 (1987).

certain methods of damage assessment among other issues which are no longer material.

In the present appeal, we are asked to direct our attention to the awarding of postjudgment interest on the judgment for damages. More particularly, we are presented the following two issues for resolution: (1) Did the trial judge err in using two accrual dates because of a statutory amendment? and (2) Did the judge have any discretion to deny postjudgment interest?

For reasons which follow, we affirm the order of the trial judge which, in material part, awarded postjudgment interest at the rate of 6% from January 30, 1984, the date of entry of the judgment, to March 19, 1984, the effective date of a statutory amendment increasing the rate to 12%, and further ordered that interest at the rate of 12% be added from March 19, 1984, until the judgment after rescript is satisfied in full.

*1. Statutory amendment.* Prior to March 19, 1984, the effective date of St. 1983, c. 652, § 2, G. L. c. 235, § 8, was silent as to the rate of interest to be awarded after the entry of judgment. It was necessary to refer to G. L. c. 107, § 3,[2] which governed the rate of interest, "[i]f there is no agreement or provision of law for a different rate," and provided for interest at the rate of 6%.

General Laws c. 235, § 8, as appearing in St. 1983, c. 652, § 2,[3] provides in material part for the payment of postjudgment

---

[2] General Laws c. 107, § 3 (1988 ed.), provides: "If there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred for a year, but, except as provided in sections seventy-eight, ninety, ninety-two, ninety-six and one hundred of chapter one hundred and forty, it shall be lawful to pay, reserve or contract for any rate of interest or discount. No greater rate than that before mentioned shall be recovered in a suit unless the agreement to pay it is in writing."

[3] General Laws c. 235, § 8, provides: "When judgment is rendered upon an award of county commissioners, a committee or referees, or upon the report of an auditor or master, or upon the verdict of a jury or the finding of a justice, interest shall be computed upon the amount of the award, report, verdict or finding from the time when made to the time the judgment is entered. Every judgment for the payment of money shall bear interest from the day of its entry at the same rate per annum as provided for prejudgment interest in such award, report, verdict or finding. The warrant

interest at the same rate as prejudgment interest. Prejudgment interest has been at the rate of 12% for all periods material to this case. G. L. c. 231, § 6B (1988 ed.).[4]

The trial judge ordered the payment of interest at the rate of 6% from the day after the date of the judgment, January 31, 1984, until the effective date of the amendment to § 8, March 19, 1984, at which time, the rate escalated to 12%.

The defendant argues that it was error to give effect to the amendment, relying on *Peak* v. *Massachusetts Bay Transp. Auth.*, 20 Mass. App. Ct. 726 (1985), but that reliance is misplaced because *Peak* dealt, in the main, with a time period and not a rate of interest.

Interest is paid as compensation for delay. *Murphy's Case*, 352 Mass. 233, 234-235 (1967). It accrues daily; it is not fixed for all time on the day of the judgment as the defendant argues. As we said in *Porter* v. *Clerk of the Superior Court*, 368 Mass. 116, 118 (1975): "Thus, the point in the proceedings to which the statutory interest rate applies is passed each day, and the rate applicable on each day is that in effect at the time." Our result also comports entirely with considerations of fairness. See *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 629 (1974).

2. *Continuation of postjudgment interest after rescript.* The defendant argues that the judge erred in his conclusion that he was bound to order postjudgment interest after rescript. The defendant cites *Stokosa* v. *Waltuch*, 378 Mass. 617, 620 (1979), where the court said that "[n]one of the rules or statutes presently governing civil practice requires a clerk to compute

or execution issued on a judgment for the payment of money shall specify the day upon which judgment is entered, and shall require the collection or satisfaction thereof with interest from the day of its entry."

[4] General Laws c. 231, § 6B (1988 ed.), provides: "In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law."

interest to the date of execution or requires a judge . . . to order such a computation to be performed . . . ." However, since the decision in *Stokosa*, a new paragraph has been inserted in Rule 54 of the Massachusetts Rules of Civil Procedure. Mass. R. Civ. P. 54 (f), 382 Mass. 822 (1980). Rule 54 (f) provides in part: "Every judgment for the payment of money shall bear interest up to the date of payment of said judgment." The trial judge merely followed the mandate of the rule and hence, there was no error.

*Order affirmed.*