NICHOLAS KARELLAS *vs.* STACY KARELLAS.

No. 99-P-1324.

Middlesex. October 12, 2001. - April 11, 2002.

Present: GREENBERG, DOERFER, & COHEN, JJ.

*Divorce and Separation,* Division of property. *Judgment,* Interest. *Interest. Practice, Civil,* Interest, Contempt. *Damages,* Interest, Contempt. *Contempt.*

A judgment of divorce nisi, which ordered the husband to pay a certain monetary sum to the wife, in part to effectuate an equitable division of the marital estate, and in part to compensate the wife for other amounts due to her, constituted a "judgment for the payment of money" within the meaning of G. L. c. 235, § 8; therefore, under the plain terms of the statute, the monetary award automatically bore interest from the date of the entry of the judgment [471-473], and the wife, upon the husband's failure to comply with the judgment, was not required to enforce payment of the award and interest by means of a complaint for contempt [473-475].
This court concluded that issues relating to an award of enhanced interest under G. L. c. 231, § 6F, were to be deferred to an appeal pending before a single justice of this court. [475]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on January 14, 1993.

The case was heard by *Sheila E. McGovern,* J., and motions for interest and execution on the judgment, filed on February 22, 1999, were heard by her.

*Dean Amrose* for Nicholas Karellas.

*Janet M. Lydon* for Stacy Karellas.

DOERFER, J. This an appeal from an order of a judge of the Probate and Family Court that the husband, Nicholas Karellas, pay interest on an amount awarded to the wife in a divorce judgment. The husband argues that his delay in failing to pay the judgment should have been enforced by a complaint for contempt and that interest could only be awarded as a remedy for contempt. We disagree and hold that the judgment bore interest from the date of its entry.

*Facts.* This was not an amicable divorce. The parties fought bitterly over several years and on many fronts in both the Probate and Family Court and the Superior Court. There is no need to review the contentious details.

After trial lasting several days, a judge of the Probate and Family Court made findings about the composition and value of the marital estate. The husband ran a dry cleaning business, through which flowed large amounts of cash, and owned some rental real estate. The judge expressed frustration and skepticism about the husband's candor on financial matters. The judge did not give the wife high marks on such topics either.

After evaluating the factors under G. L. c. 208, § 34, relevant to an equitable division of the marital estate, the judge concluded that, although alimony was not justified and both the husband and wife had assets in their separate estates, a payment of money was needed from the husband to the wife in order to effectuate an equitable division of the marital estate.

A judgment of divorce nisi entered in this matter on January 12, 1996, to be effective ninety days thereafter in the usual manner. In part to effectuate an equitable division of the marital estate, and in part to compensate the wife for other amounts due from the husband to her, the judgment ordered the husband to pay the wife $100,000.[1] It also ordered him to pay attorney's fees to the wife's attorneys in the amount of $45,870.

---

[1] The judgment provided, "The Husband shall pay the Wife the amount of one hundred thousand dollars ($100,000.00) within ninety (90) days of this decree. This amount represents outstanding child support, outstanding uninsured medicals, needs, and the Wife's share of marital assets. If the Husband fails to make payment, he shall convey his interest in the property located at 24 Pine Street, Belmont, Massachusetts, to the wife so that she may satisfy the husband's obligation from this asset. If the Husband fails or refuses to execute the deed, title shall vest in the Wife pursuant to Rule 70 of the Massachusetts Rules of Domestic Relations Procedure.

"The Wife's attachment on the Husband's real estate located at 76 Easton Street, Allston, Massachusetts, shall remain as security for the Husband's performance under this judgment and as security for future child support, medical insurance premiums, and uninsured medicals, and attorney's fees.

"Within ninety (90) days, the Husband is to pay the sum of $45,870.00 as counsel fees to the wife's attorneys.

"If the Husband elects to mortgage either of the above properties so as to pay the sums due the Wife under this decree, the wife is to subordinate her attachments so that either property may be mortgaged to pay her."

The judgment did not assign specific accounts or order the division of specific property or assets (except for an automobile) to effectuate the equitable division of the marital estate.[2] The judgment, as issued on January 12, 1996, did not contain an order for the payment of interest.

The husband filed a notice of appeal on February 21, 1996, appealing from all aspects of the judgment except the dissolution of the marriage. He filed a motion to stay judgment pending appeal on March 4, 1996, and on July 5, 1996, the judge filed a memorandum and order allowing a stay of the division of assets payment.

The judge ultimately dismissed the husband's appeal, noting that he had "failed to proceed with [the] appeal zealously [and] in good faith." The husband then appealed the dismissal to this court. That appeal was dismissed for a failure to prosecute. See Karellas vs. Karellas, Appeals Court No. 98-P-834.

On April 1, 1999, the trial judge, in response to a motion of the wife, ordered that a writ of execution on the judgment should issue with interest[3] until such judgment is paid in full. It is the appeal from this order which is now before us.

*Interest on judgments for the payment of money.* By statute, "[e]very judgment for the payment of money shall bear interest from the day of its entry." G. L. c. 235, § 8, as appearing in St. 1983, c. 652, § 2. *Osborne* v. *Biotti*, 404 Mass. 112, 113-114 (1989). A judgment is the act of the trial court finally adjudicating the rights of the parties including a decision by the court that a party shall recover a sum certain. *Ibid.*[4] The judge's January 12, 1996, order was a final adjudication of the rights of the parties and was an order for the payment by the husband to the wife of $100,000. Therefore it was a "judgment for the pay-

---

[2]The judgment also addressed issues relating to the custody, visitation, and support of the children; included orders for the retention of certain personal property; and divided responsibility for the payment of guardian ad litem fees and other fees.

[3]The issues relating to the proper rate of interest are discussed *infra.*

[4]The court in *Osborne* referred to the language of Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974), in its interpretation of the statute; the language in Mass.R. Dom.Rel.P. 54(a) is identical.

ment of money." Under the plain terms of the statute, the judgment bore interest from the date of its entry.[5]

General Laws c. 235, § 8, is applicable to equitable relief expressed in terms of an order for the payment of money. "[A]n equity decree for the payment of money is a judgment made upon a finding of a judge and thus bears interest from the date of the judgment or award to the date the judgment is satisfied." *Johnson* v. *Hazen*, 333 Mass. 636, 638 (1956). See *Hobbs* v. *Cunningham*, 273 Mass. 529, 536 (1930); *Boyer* v. *Bowles*, 316 Mass. 90, 95 (1944); *New England Factors, Inc.* v. *Genstil*, 322 Mass. 36, 46 (1947).

This is not a case in which the judge assigned or transferred specifically identified property or accounts from one spouse to another in order to effectuate an equitable division of the marital estate. Such an order would not be a judgment for the payment of money and would not automatically bear interest. But the fact that the effect of the judgment was to adjust equitably the relative balance sheets of the spouses to reflect an equitable division of the marital estate does not undermine the character of the judgment as one for the payment of money.

The inclusion within the judgment of orders not requiring the payment of money does not change this result. The fact that the judgment also provided security for the payment of the money and dealt with child support, visitation, and custody did not deprive the plaintiff of her statutory right to interest on that portion of the judgment that was an order for the payment of a fixed sum in recognition of an equitable division of the marital estate.

Contrary to the husband's argument, there is no significance to the fact that there has been no express incorporation of Mass. R.Civ.P. 54(f), as amended, 382 Mass. 822 (1980),[6] which was added to the Rules of Civil Procedure effective July 1, 1980,

---

[5]The fact that the husband was required to pay within ninety days does not affect interest but only whether he could be held in contempt.

[6]Mass.R.Civ.P. 54(f) reads as follows:

"(f) *Interest.* Every judgment for the payment of money shall bear interest up to the date of payment of said judgment. . . . Unless otherwise ordered by the court, interest from the date of entry of a judgment to the date of execution or order directing the payment of said judgment shall also be computed by the clerk, and the amount of such interest shall be stated on the execution

into the Massachusetts Rules of Domestic Relations Procedure.[7] The evident purpose of the addition of rule 54(f) was to clarify the problem identified in *Stokosa* v. *Waltuch,* 378 Mass. 617, 620 (1979), as to the duty of the clerk to compute both prejudgment and postjudgment interest. *Trinity Church in Boston* v. *John Hancock Mut. Life Ins Co.,* 405 Mass. 682, 684-685 (1989). Rule 54(f) merely clarifies the duties of the clerk and does not establish the substantive rights of a party to interest on a judgment. See *Stokosa* v. *Waltuch, supra* at 618.

*Impact of the availability of contempt.* When the appeals of the husband were dismissed, the wife could have brought a complaint for contempt for the failure of the husband to thereafter comply with the judgment in this matter. If the wife's complaint were successful, the judge could have awarded interest from the date of the filing of the contempt complaint. G. L. c. 215, § 34A.[8] But such interest would not have run between the date of the judgment and the final dismissal of the appeal because the husband would not have been in contempt during that time.

Contempt is a remedy to compel compliance with a court order, whether a final judgment or interlocutory order. See *Cherry* v. *Cherry,* 253 Mass. 172, 174 (1925). A complaint for civil contempt filed pursuant to G. L. c. 215, § 34A, is the usual method of remedying a failure to pay a continuing order

---

or order." As to the right to receive interest, the language of the rule closely follows the language of G. L. c. 235, § 8.

[7]Rule 54 of the Rules of Domestic Relations Procedure, as amended effective September 1, 1981, adopts portions of the corresponding civil rule, while deleting others. Yet it makes no reference to part (f).

[8]General Laws c. 215, § 34A, as amended through St. 1985, c. 342, provides: "Actions for contempt against any party for failure to obey any judgment of the probate court relative to support of a wife or children or affecting the custody of children shall be commenced in accordance with the rules of probate courts applicable to domestic relations matters. . . . In entering a judgment of contempt for failure to comply with an order or judgment for monetary payment, there shall be a presumption that the plaintiff is entitled to receive from the defendant, in addition to the judgment on monetary arrears, all of his reasonable attorney's fees and expenses relating to the attempted resolution, initiation and prosecution of the complaint for contempt. . . . Any monetary contempt judgment shall carry with it interest, from the date of filing the complaint, at the rate determined under the provisions of [G. L. c. 231, § 6C]."

for child support or alimony. See *Quinn* v. *Quinn*, 49 Mass. App. Ct. 144, 147 (2000). A contempt action may be utilized to punish a party for failing to comply with other orders, *Benglian* v. *Benglian*, 9 Mass. App. Ct. 891 (1980), or to enforce a debt that becomes due upon the happening of some event. See *Mills* v. *Mills*, 4 Mass. App. Ct. 273 (1976).

Although interest is available upon a finding of contempt, it is not a substitute for statutory interest upon a money judgment under G. L. c. 235, § 8. The statutes serve different purposes. For example, interest under G. L. c. 215, § 34A, is available as a remedy for ongoing failure to comply with an order for periodic support or alimony that may not qualify as a "judgment for the payment of money" under G. L. c. 235, § 8, and might not thus carry such statutory interest. In this sense G. L. c. 215, § 34A, fills in a gap and provides for interest that would not be otherwise available. See *Kennedy* v. *Kennedy*, 20 Mass. App. Ct. 559, 560-563 (1985).

Interest in connection with a finding of contempt also serves a coercive function because it is awarded at a higher rate than the judgment rate. Under G. L. c. 235, § 8, the rate of interest is computed using the same rate as provided for prejudgment interest. Where, as here, there is no statutory prejudgment rate of interest, the six percent standard statutory rate found in G. L. c. 107, § 3, applies. See *Sharpe* v. *Springfield Bus Terminal Corp.*, 406 Mass. 62, 65 (1989); *Robbins* v. *Robbins*, 22 Mass. App. Ct. 982, 984 (1986).[9] Under G. L. c. 215, § 34A, however, the interest rate is calculated by referring to G. L. c. 231, § 6C, which ordinarily only applies to damages in contract actions. Where, as is the case here, an interest rate is not specified in a contract, the rate of twelve percent is applicable on a contempt order. See G. L. c. 231, § 6C.

Where the award is announced as a certain monetary sum, G. L. c. 235, § 8, acts to provide interest over any period of delayed payment. To hold otherwise would ignore clear legislative intent in enacting that statute and fly in the face of strong

---

[9]Although the husband argues that G. L. c. 235, § 8, is inapplicable to awards that do not have a statutory prejudgment interest rate, the above cited cases make clear that his contention is without merit.

public policy supporting the inclusion of interest on monetary judgments.

The judge also awarded interest on the part of the January 12, 1996, judgment awarding the wife $45,870 for attorney's fees, which the husband has not paid. The ordering of interest on an award of counsel fees was upheld as proper in *Robbins* v. *Robbins*, 22 Mass. App. Ct. at 984. Compare *Patry* v. *Liberty Mobilhome Sales, Inc.*, 394 Mass. 270, 272 (1985) (no interest accrues on attorney's fees awarded under G. L. c. 93A).

There was no consequence to the failure of the judge to include mention of interest in the original judgment nisi. The addition of postjudgment interest is an automatic ministerial task and a judge need not expressly allow it. *Osborne* v. *Biotti*, 404 Mass. at 117.

*Appeal from award of enhanced interest under G. L. c. 231, § 6F, to single justice.* The judge's order for interest referred to G. L. c. 231, § 6F, as a basis for awarding interest at one and one-half times the statutory rate. This portion of the order adds a layer of complexity to the appellate posture of this matter. It is well settled that an appeal from a decision on a motion pursuant to G. L. c. 231, § 6F, arising in the Probate and Family Court shall be to a single justice of this court, not a full panel. See G. L. c. 231, § 6G; *Bailey* v. *Shriberg*, 31 Mass. App. Ct. 277, 282-284 (1991). Although the husband did appeal to the single justice (Appeals Court No. 99-J-432),[10] that appeal was stayed pending the outcome of this appeal. That is the proper procedural course of action where a party seeks to appeal both the underlying judgment and any award made pursuant to § 6F. See *Bailey* v. *Shriberg*, 31 Mass. App. Ct. at 284.

Thus, although we hold that an award of prejudgment interest under G. L. c. 235, § 8, was appropriate, issues relating to an award of enhanced interest under G. L. c. 231, § 6F, must be decided in the appeal that is pending before the single justice.

So much of the order as awards interest at the rate of six percent on $100,000 from January 12, 1996 is affirmed. The award of interest on the attorney's fees of $45,870 awarded on

---

[10]The husband's appeal to the single justice raises precisely the same issues that are now before this panel.

January 12, 1996, is affirmed. The issues relating to the award of interest under G. L. c. 231, § 6F, are deferred to the single justice.

*So ordered.*