STACY KARELLAS *vs.* NICHOLAS KARELLAS.

No. 02-P-798.

Suffolk. January 12, 2004. - August 27, 2004.

Present: DUFFLY, KANTROWITZ, & KAFKER, JJ.

*Divorce and Separation,* Appeal, Sanctions. *Appeals Court,* Appeal from order of single justice. *Penalty. Interest. Practice, Civil,* Interest. *Judgment,* Interest.

Discussion of the standard of review when a single justice of the Appeals Court reviews a Probate Court order pursuant to G. L. c. 231, § 6G. [720-721]

In reviewing a Probate Court order made pursuant to G. L. c. 231, § 6F, a single justice of the Appeals Court did not err or abuse his discretion in awarding penalty interest at the rate of eighteen per cent on monetary awards due to the wife under the parties' divorce judgment, where the husband was represented by counsel during most or all of the pendency of his appeal from the divorce judgment nisi, in that, although the husband filed the notice of appeal pro se, proceedings to prosecute the appeal were all undertaken by the husband's attorney [721-723]; moreover, the wife's failure to appeal the Probate Court's calculation of interest did not affect the proper exercise of the single justice's discretion to determine that the interest rate used in the Probate Court's calculation of interest was incorrect and to order interest at the correct statutory rate of eighteen per cent [723-724].

This court declined to consider an argument that did not rise to the level of appellate argument. [724]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on January 14, 1993.

A proceeding for review of an order to pay interest on an amount awarded in a divorce judgment was heard in the Appeals Court by *Doerfer,* J.

*Dean Amrose* for Nicholas Karellas.

*Janet M. Lydon* for Stacy Karellas.

DUFFLY, J. Nicholas Karellas (husband) appeals from an order of a single justice of this court who, upon review of a Probate

and Family Court judge's order made pursuant to G. L. c. 231, § 6F, awarded penalty interest at the rate of eighteen per cent on monetary awards due to Stacy Karellas (wife) under the parties' divorce judgment. The husband argues that (1) he should not be subject to § 6F sanctions because he was not represented by an attorney in his appeal; (2) the wife may not on appeal seek an interest rate more favorable to her than the nine per cent rate awarded by the probate judge because she filed no cross appeal; and (3) the award of interest at the rate of eighteen per cent is inconsistent with public policy.

*Background facts and proceedings.* Following a trial, the husband and wife were divorced by a judgment nisi dated January 12, 1996, which, among other things, ordered the husband to pay the wife the sum of $100,000 as a division of assets, and attorney's fees in the amount of $45,870, incurred by the wife in connection with the divorce. We observed in *Karellas* v. *Karellas*, 54 Mass. App. Ct. 469, 470 (2002), that "[t]his was not an amicable divorce. The parties fought bitterly over several years and on many fronts in both the Probate and Family Court and the Superior Court." In findings made in connection with the parties' divorce, the husband was found to be the "major offender" in what the judge concluded "could have been a simple case," but became a case replete with examples of "abuse of process" during which the husband had misrepresented his assets, "never once filed a credible financial statement," impeded discovery, and filed a motion to reduce child support that "was frivolous and motions to compel discovery . . . in the same category." Concluding that the wife's attorneys "were greatly burdened by the extra work necessitated by the husband's intransigence, his failure to be forthright, his evasiveness," the judge awarded the wife $45,870 in attorney's fees. Despite having been represented during the divorce proceedings by four attorneys, the husband filed a pro se notice of appeal on February 21, 1996, from all aspects of the judgment except the dissolution of the marriage.

Between the date he filed the notice of appeal and the date, thirty-seven months hence, that the probate judge ruled on the wife's § 6F motion seeking enhanced interest (on the basis of the husband's failure to prosecute his appeal), numerous post-

judgment motions and pleadings collateral to the appeal were filed by the pro se husband as well as by three different attorneys on his behalf.[1] The judge who had conducted the divorce trial also presided over hearings engendered by these filings. In an omnibus order dated July 5, 1996, she ruled on various motions and, among other things, awarded the wife an additional $5,000 in attorney's fees to defend against the husband's appeal.[2]

On motion of the wife — who charged that the husband had failed to comply with applicable rules of appellate procedure and that his failure was not the result of excusable neglect[3] — the probate judge on October 1, 1997, dismissed the husband's appeal of the judgment nisi for failure "to proceed with appeal zealously and in good faith." Through counsel, the husband then filed an appeal from the dismissal (the "second appeal"), which was docketed in this court on April 27, 1998. On January 26, 1999, this court dismissed the second appeal for failure to prosecute.

*The G. L. c. 231, § 6F, award.* In February, 1999, the wife

[1]The husband filed pro se motions for a new trial; "to enlarge time"; for clarification; and to stay the divorce judgment insofar as that judgment required him to pay child support, the $100,000 payment, fees of the guardian ad litem and the wife's attorney's fees. In June, 1996, through counsel, he filed an answer to the wife's complaint for contempt and a counterclaim seeking modification of the child support order. The counterclaim was dismissed due to the pending appeal. The husband subsequently waived his appeal as to child support and on August 1, 1996, a second attorney filed the husband's complaint for modification of child support.

[2]When the husband did not pay the $5,000, the wife filed a contempt complaint. On March 24, 1997, through his third postjudgment attorney, the husband filed a motion to consolidate the pending contempt and modification actions. In addition, he filed motions seeking a stay of the fee award and recusal by the probate judge. Both were denied. On March 27, 1997, the husband was adjudged in contempt and sentenced to serve ninety days in the house of correction. Through counsel, he then filed a motion to stay the sentence with a single justice of this court. That motion was denied on April 15, 1997. In that order, the single justice stated, "I conclude that the defendant's motion to stay was frivolous and he most certainly had to realize it was foredoomed. I further conclude that it was insubstantial, interposed for purposes of delay, and thereby manifests a lack of good faith."

[3]Apart from filing the notice of appeal pro se, the husband had taken no action to perfect or prosecute this appeal.

filed a motion seeking penalty interest at the rate of eighteen per cent, as provided by G. L. c. 231, § 6F, to be paid on the amounts she had been awarded under the divorce judgment but which the husband had not paid during the pendency of his appeal.[4] The probate judge allowed the motion, but concluded that enhanced interest was nine per cent.

In findings made in connection with her order, the probate judge, incorporating her earlier finding, found that the husband had "failed to proceed with the appeal zealously and in good faith." She also found that the husband had appealed from this dismissal and the appeal had been dismissed for failure to prosecute; had exhausted his rights to appellate review of the issue; and had failed to comply with various aspects of the divorce judgment, including payment to the wife of the $100,000 award and her attorney's fees. Concluding that the husband "did nothing to advance his appeal of the divorce judgment," nor "his appeal of [the] dismissal of the divorce appeal," the judge awarded interest at the rate of nine per cent.[5]

The husband's appeal from this order was included with his appeal from the order awarding prejudgment interest. We deferred review of the § 6F award to a single justice of this court in accordance with G. L. c. 231, § 6G. *Karellas* v. *Karellas*, 54 Mass. App. Ct. at 475-476. See *Massachusetts Adventura Travel, Inc.* v. *Mason*, 27 Mass. App. Ct. 293, 297 (1989); *Pirie* v. *First Congregational Church*, 43 Mass. App. Ct. 908, 909 (1997).

The single justice found that the probate judge had made the requisite finding that the husband's appeal of the divorce judgment was "wholly insubstantial, frivolous and not advanced in

---

[4]The wife also sought prejudgment interest on the divorce judgment. The probate judge awarded the wife prejudgment interest pursuant to G. L. c. 235, § 8, and we affirmed this portion of the judge's order in *Karellas* v. *Karellas*, 54 Mass. App. Ct. at 475-476.

[5]The probate judge had arrived at this rate by relying on G. L. c. 231, § 6F, and on G. L. c. 107, § 3. General Laws c. 231, § 6F, as inserted by St. 1976, c. 233, § 1, however, provides for interest to be paid "at one hundred and fifty per cent of the rate set in section six C," and § 6C provides for a rate of twelve per cent which, when multiplied by 150 per cent, results in an enhanced interest rate of eighteen per cent.

good faith."[6] He further found that the husband was represented by counsel through "most . . . of the proceeding," and ordered the husband to pay interest at the correct rate of eighteen per cent.

*Discussion.* 1. *Standard of review.* The record before the single justice, as before the probate judge, consisted of the parties' pleadings and motions, and the probate judge's orders and findings.[7] The single justice incorporated the trial judge's findings, which touched upon the pertinent issues in various proceedings before her, and made additional findings that had a basis in the record, relevant portions of which we have summarized above. See *Katz* v. *Savitsky*, 10 Mass. App. Ct. 792, 793, 796-798 (1980). Compare *Miaskiewicz* v. *LeTourneau*, 12 Mass. App. Ct. 880, 881-882 (1981) (no requirement that the single justice make an independent determination of the facts where the trial court's findings were based on credibility determinations).

According finality to the findings and decision of the single justice consistent with G. L. c. 231, § 6G, as amended by St. 1992, c. 133, § 561,[8] we limit our review of the single justice's order to any alleged error of law or abuse of discretion. See *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App.

---

[6]Commenting on this finding by the single justice, the husband states in his brief that "there was no specific finding in the [probate judge's] order." Even if this passing reference could be characterized as argument, it was made for the first time in this appeal, is not supported by citation to relevant authority, and therefore, "does not merit our attention." *Commonwealth* v. *Klein*, 400 Mass. 309, 316 (1987), cert. denied, 495 U.S. 916 (1990). See also Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

[7]No transcript of any proceeding is included in the record.

[8]Section 6G provides, in relevant part:

"Any party aggrieved by a decision on a motion pursuant to section six F may appeal as hereinafter provided. If the matter arises in the . . . probate court, the appeal shall be to the single justice of the appeals court at the next sitting thereof. . . . The court deciding the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant. . . . [A]ny appeal to a single justice of the Appeals Court shall proceed under the rules for the regulation of practice before a single justice of that court."

Ct. 282, 291 & n.12 (1996); *Pirie* v. *First Congregational Church*, *supra*.

2. *Representation during proceeding.* The husband asserts that the single justice erred in finding that the husband was represented by counsel during most of the relevant proceeding. He relies for this argument on language in G. L. c. 231, § 6F, inserted by St. 1976, c. 233, § 1, which provides that an award of penalty interest may be assessed upon a finding "that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith."[9] There is no provision for the payment of enhanced or penalty interest if the party making frivolous claims was not represented by counsel. See *O'Leary* v. *Nepomuceno*, 44 Mass. App. Ct. 683, 686 (1998).

The single justice determined that "[t]he relevant period of time in this case is the duration of the husband's appeal of the judgment nisi," which he defined as commencing with the filing of the husband's appeal on February 21, 1996, and ending with this court's dismissal of the second appeal on January 26,

---

[9]Section 6F provides, in relevant part:

"Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge or justice or by a jury, auditor, master or other finder of fact, the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.

". . .

"Apart from any award made pursuant to the preceding paragraph, if the court finds that all or substantially all of the defenses, setoffs or counterclaims to any portion of a monetary claim made by any party who was represented by counsel during most or all of the proceeding were wholly insubstantial, frivolous and not advanced in good faith, the court shall award interest to the claimant on that portion of the claim according to the provisions of the preceding paragraph."

1999. He concluded that "[t]his period constitutes the vast majority of the duration of the husband's appeals," and that the husband was "represented by counsel through most of the relevant time period and is thereby subject to an award of interest pursuant to [§] 6F."

The husband argues that he was not "represent[ed] by counsel during the pendency of this action" because he had filed his notice of appeal pro se and no attorney had entered an appearance on his behalf until, at the earliest, March, 1997, when his third postjudgment attorney did so. We reject the notion that the relevant inquiry under the statute is the length of time the husband was represented during the "pendency" of the appeal.

The statute focuses on representation during "the *proceeding*." While we agree with the single justice that the husband was represented by counsel during most of the period encompassing his appeal from the divorce judgment, and that this is the relevant period at issue in this case, the requirement of representation during a "proceeding" is not solely, or even necessarily, durational. Cf. *Lewis* v. *Emerson*, 391 Mass. 517, 526 (1984) (§ 6F "focuses on the conduct of the litigation by the defendant"). It is not the mere lapse of time occurring from one step or action to the next that is relevant (although that may be implicated, such as where intervals of time constitute a part of the overall effort to delay payment of a judgment).[10] Expressed another way, we think the requirement of representation during a "proceeding" within the meaning of § 6F may be

---

[10]Counsel's representation of the husband in his defense of the contempt action and appeal from the judgment in that action, see note 2, *supra*, furthered the apparent aim of the husband's meritless appeal: to delay payment of the judgment to the wife and to require that she institute legal action to obtain the fruits of the judgment in her favor. These were factors that also were relevant to the judge's determination of bad faith, which may be inferred from the circumstances surrounding the litigation, including "the extent to which advice and participation of counsel was available" to the husband. *Massachusetts Adventura Travel, Inc.* v. *Mason*, 27 Mass. App. Ct. at 299. What is striking here is that virtually *all* of the husband's tactics (whether pro se or through counsel) either were found to be without merit or, perhaps more telling in this context, failed for lack of prosecution, which is suggestive of mere intent to delay. Our appellate courts repeatedly have stressed that such missteps may engender § 6F sanctions. See *Pollack* v. *Kelly*, 372 Mass. 469, 477 (1977); *Ashford* v. *Massachusetts Bay Transp. Authy.*, 421 Mass. 563, 568-569 (1995); *Police Commr. of Boston* v. *Gows*, 429 Mass. 14, 17-18 (1999).

fulfilled by consideration of steps or acts undertaken by legal counsel to advance a claim or defense before a judicial tribunal. See Bryant, Pleading Under the Codes of Civil Procedure 3 (1894) ("'Proceeding' is a word much used to express the business done in courts. A proceeding in court is an act done by the authority or direction of the court, express or implied. It is more comprehensive than the word 'action,' but it may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment"). Cf. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10-11 (1919) (where, in another connection, the Supreme Judicial Court said that "the word 'proceedings' is of broad signification. It comprehends every step from the filing of the petition until the final determination of the controversy").

Relevant here is the fact that the husband did nothing more than file a notice of appeal. No further step, no proceeding, was initiated by the husband during the entire period following the pro se filing of the notice until it was dismissed. Proceedings to prosecute the appeal were all undertaken by the husband's attorney, who filed the second appeal from the dismissal and undertook actions required by Mass.R.A.P. 9(c)(2), as amended, 437 Mass. 1602 (2002), and 10(a)(1), as amended, 435 Mass. 1601 (2001), to perfect that appeal. On this view, the husband was represented during most or all of the relevant proceedings: those related to the prosecution of the appeal from the divorce judgment. There was no error.

3. *The wife's failure to cross-appeal.* The husband claims that the wife waived any argument or claim to an increased amount of interest because she did not appeal the probate judge's calculation of interest. Although it is generally the case that a party who fails to appeal is precluded from obtaining a more favorable judgment than the one entered below, *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37, 43 n.5 (1977), "this is a rule of practice, and is not jurisdictional." *Hartford Ins. Co.* v. *Hertz Corp.*, 410 Mass. 279, 287-288 (1991). In the face of "compelling circumstances," we "can and should correct an erroneous judgment in the absence of a cross appeal." *O'Connor* v. *City Manager of Medford*, 7 Mass. App. Ct. 615, 618 (1979).

Moreover, we think that G. L. c. 231, § 6G, permits the single justice to address the issue by amending the order and increasing the amount of enhanced interest, even where there has been no cross appeal. Section 6G provides that "[t]he court deciding the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant." In deciding the appeal of a party aggrieved by a decision under a § 6F motion, we have held that the single justice "has the power to make an award which has been sought and denied in the lower court." *Katz* v. *Savitsky*, 10 Mass. App. Ct. at 797. Accordingly, it was within the single justice's discretion to determine that the interest rate used in the probate judge's calculation of interest was incorrect and to invoke the correct statutory interest to order interest at eighteen per cent.

4. *Public policy.* For the first time on appeal, the husband advances the argument that the award of penalty interest at the rate of eighteen per cent is against public policy. Even were we to address it (which we are not inclined to do), we would note that the husband's claim is based on data not in the record purporting to reflect increases in the consumer price index which the husband says are "dramatically less than [the interest] awarded by" the single justice. The argument is not persuasive and, lacking any other citation to relevant authority, does not rise to the level of appellate argument. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

*Order affirmed.*