NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-79

MICHAEL C. JANES

vs.

SARAH FILAS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The parties married on June 16, 2002, and divorced on November 27, 2018, by a judgment nisi.  Approving an agreement of the parties, a judge of the Probate and Family Court awarded sole custody of the son to Michael C. Janes (father) and sole custody of the daughter to Sarah Files (mother) and further ordered the father to pay the mother weekly child support in the amount of $182.  In May 2021, the daughter moved out of the mother's residence and moved in with her paternal aunt and uncle.  In October 2021, a second judge entered a temporary order (based on a stipulation of the parties) that required the father to pay future child support to the paternal aunt and uncle instead of the mother.  Thereafter, the father claims that

the aunt and uncle incurred various expenses totaling $12,962.10 related to the daughter's residing with them through March 2022. The father claims that he reimbursed the aunt and uncle for these expenses, and on May 26, 2023, he filed a "verified complaint in equity" against the mother and alleged the matters set forth herein. He demanded the following: (1) reimbursement of $12,962.10 paid to the aunt and uncle, and (2) reimbursement of child support paid from June 2021 through October 2021 in the amount of $3,154.72 (the period preceding the temporary order). Following a hearing on a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), the second judge dismissed the complaint with prejudice and awarded $3,500 in attorney's fees to the mother. The father appeals, and we affirm in part and dismiss in part.

After de novo review and accepting as true the allegations in the complaint and drawing all inferences in the father's favor, see Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011), we conclude that the complaint in equity failed "to state a claim upon which relief can be granted," Mass. R. Civ. P. 12 (b) (6). The divorce judgment required the father to pay the mother weekly child support in the amount of $182. As events unfolded, however, the mother later agreed that the daughter would live with the aunt and uncle, and a temporary

2

order modified the future payments accordingly. The father now seeks reimbursement for claimed payments that he made to the mother before the temporary order entered as well as reimbursement for claimed payments that he unilaterally made to the aunt and uncle toward what he believed was necessary for the support of his daughter. The judge properly dismissed the complaint because this factual scenario does not plausibly suggest an "entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

"As a general rule, a support obligor must make his or her payments in the manner required by the support order or judgment." T.M. v. L.H., 50 Mass. App. Ct. 856, 860 (2001). The Legislature strictly limits retroactive modification: "Any payment or installment of support under any child support order . . . shall not be subject to retroactive modification except with respect to any period during which there is pending a complaint for modification." G. L. c. 119A, § 13 (a). This statute also implicitly prohibits "extra-judicial modifications of child support." Rosen v. Rosen, 90 Mass. App. Ct. 677, 683 (2016). See T.M., supra (support obligor "should not be allowed to modify unilaterally a support order"). Thus, the governing statute, G. L. c. 119A, § 13 (a), prohibits the relief sought by the father in the circumstances presented.

3

A narrow equitable exception to this statute does not offer relief here.  "[A] judge is not foreclosed by G. L. c. 119A, § 13 (a), from determining whether 'compelling circumstances of an equitable nature' warrant the allowance of a credit for the payor's fulfillment of his or her child support obligation 'in a manner other than as directed by the original order' but which nevertheless accomplishes the maintenance of the child as envisioned by the original order" (citation omitted).  Rosen, 90 Mass. App. Ct. at 688.  To receive such an "equitable credit," the support obligor must demonstrate a number of facts including the support recipient agreed "to transfer custody of the child to the payor for an extended period of time not contemplated in the original custody order."  Id.  Because the aunt and uncle rather than the payor (father) had custody of the daughter, the father has failed to demonstrate a basis for equitable credit.

To the extent the father sought to enforce the wife's obligations under the divorce judgment (e.g., paying medical copayments for the daughter), the proper avenue for seeking relief would be to file a complaint for contempt rather than a new complaint in equity.  "A complaint for civil contempt filed pursuant to G. L. c. 215, § 34A, is the usual method of remedying a failure to pay a continuing order for child support or alimony."  Karellas v. Karellas, 54 Mass. App. Ct. 469, 473-

4

474 (2002).  "The purpose of such action is 'intended to achieve compliance with the court's orders for the benefit of the complainant.'"  Quinn v. Quinn, 49 Mass. App. Ct. 144, 147 (2000), quoting Furtado v. Furtado, 380 Mass. 137, 141 (1980).  If the applicable standards are satisfied, a "judge in contempt proceedings has broad discretion to fashion remedies."  Mills v. Mills, 4 Mass. App. Ct. 273, 278 (1976).

The father's appeal from the award of attorney's fees is not properly before us.  See G. L. c. 231, § 6G ("If the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court at the next sitting thereof").

The mother's request for attorney's fees is denied.

Accordingly, the judgment of dismissal is affirmed, and the father's appeal from the order awarding attorney's fees is dismissed.

So ordered.

By the Court (Meade, Sacks & Hodgens, JJ.[1]),

Clerk

Entered:  January 31, 2025.

---

[1] The panelists are listed in order of seniority.

5